Hale, J.
This case is pending in this court on error. The plaintiff in errorfinsists that it appears from the record, that there was no evidence to J support the judgment rendered by a Justice of the Peace,| in favor of the defendant in error, against thefplaintiff in error, as an endorser on a promissory note. The only evidence offered upon the trial before the justice to prove that the plaintiff in error had notice of nonpayment of the note — a necessary fact to be established — was the certificatefof0the notary public, which reads, so far as it bears upon^the fact of the notice, as follows:
“I thenfprotested the same for non-payment, and notified the following named drawer and endorser thereto of said presentmentfand protest, by a separate notice to each, enclosed in samefenvelope,and addressed as follows: The State National Bank Cleveland, Ohio; enclosed notices to all endorsers, and deposited the same in the poshoffice at Cincinnati. ”
When this note became due, it was in the hands of a bank in the City of Cincinnati, and was by it given to a notary public for demand, protest and notice. The State National Bank of Cleveland, was the last endorser of this note, the .“plaintiff in error being the next prior endorser. The notary public mailed a notice to the State National Bank of Cleveland, and with that notice enclosed notices for the other prior^endorsers. There was no evidence given on the trial before the justice that the enclosed notices, or any one of them, were sent by the State National Bank of Cleveland, to the persons to whom jhey were addressed, including this *155 plaintiff in error. The justice, however, rendered a judgment against the plaintiff in error as endorser, and that judgment was affirmed by the Court of Common Pleas. We think there was error in both of these judgments.
Frank H. Higley, for Plaintiff.
Louis L. Grossman,for Defendant.
It is the ordinary practice and law for a notary public in .sending notice to the last endorser,to enclose notices to all the prior endorsers who are non-residents of the place where the demand is made, and in that case it is the duty of the last endorser to forward the enclosed notices to the persons to whom they are addressed. If for any reason the last endorser fails or neglects to forward the notices to the prior endorsers, and in fact a prior endorser gets no notice in any ether manner, he is not held.
Under the facts disclosed by this bill of exceptions, there was no proof whatever that the plaintiff in error, as endorser, had at any time received any notice whatever of the dishonor of th.e note upon which his name appeared.
The judgment of the Court of Common Pleas, and that of the Justice of the Peace, are reversed, and the case remanded to the Court of Common Pleas for a new trial.